## WITHEROW v. MYSTIC TOILERS.

No. 2409.   Decided January 31, 1913 (130 Pac. 58).

1. PRINCIPAL AND AGENT—PROOF OF RELATION—DECLARATIONS OF AGENT. In an action against a fraternal insurance society, the declarations of a person that he was the secretary of such society were inadmissible, since the declarations of an agent are incompetent, and not merely insufficient, without other proof to establish the fact of agency.   (Page 364.)

2. EVIDENCE—DECLARATIONS OF AGENT. In an action against a fraternal insurance society, the declarations of a person, claimed to be its supreme secretary, that it had taken over the books of another society were inadmissible, in the absence of any evidence except his own declarations to show that he was such secretary.   (Page 364.)

3. INSURANCE—ACTIONS—SUFFICIENCY OF EVIDENCE. In an action against a fraternal insurance society evidence *held* insufficient to support the allegation that it had assumed the debts and obligations of the society which issued the benefit certificate sued on.   (Page 364.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Mary Witherow against the Mystic Toilers.

Judgment for plaintiff.   Defendant appeals.

REVERSED AND REMANDED, WITH DIRECTIONS.

*E. A. Walton* for appellant.

*L. B. Wight* for respondent.

STRAUP, J.

The plaintiff brought this action to recover on a benefit certificate issued by the Fraternal Order of Mountaineers on the life of William J. Witherow. In the complaint it is alleged that "the deceased became a member of the Fraternal Order of Mountaineers on the 23d day of September,

1910, a mutual benefit association organized under the laws of Montana, and doing business of insuring the lives of its members upon the mutual assessment plan;" and that it issued to him the certificate sued on, a copy of which is set out in the complaint. It is further averred that the deceased died on the 19th of October, 1910, and that proof of death was made to the Fraternal Order of Mountaineers at Billings, Mont. Then it is averred that thereafter, and on the 15th day of December, 1910, the defendant, the Mystic Toilers, a beneficial association organized under the laws of Iowa, "and doing business of insuring the lives of its members upon the mutual assessment plan, entered into an agreement with the Fraternal Order of Mountaineers, the exact nature of which is to the plaintiff unknown, but that by the terms of said agreement all the members of the Fraternal Order of Mountaineers became members of the Mystic Toilers, and the defendant thereby became possessed of all the revenues and benefits accruing to the said order and liable for all its debts and obligations contracted by them, and that the said Fraternal Order of Mountaineers was entirely absorbed by and became a part of the Mystic Toilers, and said Mystic Toilers became liable to the plaintiff for the amount due her as beneficiary named in said benefit certificate issued to said William J. Witherow."

The defendant by its answer admitted that the deceased "received into his possession" the certificate set forth in the complaint; that he died on the 19th of October, 1910; that proofs of loss were made to the Fraternal Order of Mountaineers at Billings, Mont.; and that it on the 15th of December, 1910, "entered into an agreement with the Fraternal Order of Mountaineers whereby it took over the membership of the Fraternal Order of Mountaineers." But it expressly denied that it thereby, or otherwise, became liable or assumed a liability on the certificate, and denied all other allegations of the complaint. The defendant further alleged that, if any contract of insurance was entered into between the deceased and the Fraternal Order of Mountaineers, the contract was void on account of breaches of

warranties with respect to statements and representations of the deceased concerning his health and physical condition, and because of collusion between him and the medical examiner in the making of false and fraudulent statements and representations concerning the health and physical condition of the deceased at the time he applied for, and was given, the certificate. As a further defense, the defendant also averred that the deceased was not a member of the Fraternal Order of Mountaineers when the certificate was issued to him, nor at the time of his death, and that membership was essential to obtain a certificate.

Upon these issues, the case was tried to the court and a jury. A verdict was rendered, and a judgment entered in favor of the plaintiff. The defendant appeals.

The deceased was insured, if at all, by the Fraternal Order of Mountaineers, and not by the defendant, the Mystic Toilers. They were different and separate associations or organizations. And it is conceded that the defendant is not liable on the certificate, unless it, by a binding and an enforceable agreement, after the deceased's death, contracted and assumed a liability on the certificate. The allegations in such respect are that the defendant, several months after the death of the deceased, entered into an agreement with the Fraternal Order of Mountaineers, by the terms of which "the Fraternal Order of Mountaineers became members of the Mystic Toilers, and that the defendant thereby became possessed of all the revenues and benefits accruing to the said Fraternal Order of Mountaineers, and liable for its debts and obligations contracted by them," and became liable to the plaintiff for the amount due her on the certificate sued on. It will be observed that these allegations are mostly but legal conclusions. But they are denied *in toto*, except that the defendant on the 15th day of December, 1910, several months after the death of the deceased, "took over the membership of the Fraternal Order of Mountaineers." To prove the issues thus raised, plaintiff herself testified that, some time after the deceased's death, one J. F. Taake "came to my house in Park City. He said something about the

books of the Mountaineers in Park City." She was asked by her counsel, "What did he say to you about them?" Over the defendant's objection, she was permitted to answer that he told her, "I have been over to Mrs. Schoettlin's and got the Mountaineer's books. I have them in my possession in this little suitcase. Mrs. Schoettlin made no objections to my taking them." She further testified that, in response to two letters written to the defendant at Des Moines, Iowa, she, on what appeared to be the letterhead of the defendant, received two. The letters received by her were put in evidence, over the defendant's objections. One dated April 19, 1911, and addressed to Mary Witherow, is:

"The supreme directors have rejected the death claim of William J. Witherow, and they desire that I notify you of same. They are convinced that the insurance was obtained fraudulently and are making an investigation with a view of placing upon the proper persons the responsibility of same. Yours fraternally, J. F. Taake, Supreme Secretary."

The other, dated April 29, after referring to an offer and rejection of compromise, recites:

"I am not in position to state what the supreme directors will do in the matter, but I will suggest to you, that if you are willing to accept $200 in full for all claims, demands, that you make a receipt for this amount, acknowledge it before a notary public, and forward it to the Mechanics' Savings Bank, Des Moines, Iowa, with the instructions that if the supreme directors reconsider their former action upon the claim and will allow you the amount of $200, that they shall upon receipt of that amount for you turn over to them the receipt and benefit certificate and forward to you the amount of $200. On the other hand, if the supreme directors decline to reconsider their former action upon the claim, that the bank above mentioned return to you the receipt and benefit certificate. If you give this matter your immediate attention, you can have this instruction at our office at the time of the meeting of the supreme directors on May 10. Mrs. Witherow, I wish for you to distinctly understand that I am not making you the above offer as a compromise as an

officer of our society, nor can I assure you that our supreme directors will agree with me in paying you the above mentioned amount, but I will, as a personal matter do all that I can to have them agree to pay you the amount of $200. This letter is written to you, not as an officer of our society, but personally, by me. My advice to you is to act in accordance with my suggestion, and I will try to do all that I can for you. Fraternally, J. F. Taake."

The plaintiff, after testifying that Taake came to Park City before she had received the letters, was then asked by her counsel:

"Q. Did he say whether or not he was the supreme secretary of the Mystic Toilers of Des Moines, Iowa? Q. Did he have anything to say about the Mystic Toilers, or their liability upon this contract? Q. Did he say anything about whether or not the Mystic Toilers had assumed the obligations of the Fraternal Order of Mountaineers named in the certificate."

Timely objections were made to these questions on the ground of incompetency of the evidence; that the questions called for hearsay testimony; that agency cannot be shown by the declarations of the agent, but must be shown by evidence *dehors* such declarations, and must first be shown before the declarations of the agent are receivable, and that it was not shown that the declarations were within the scope of the agent's authority; that if there was any liability created by the defendant by the contract, as alleged in the complaint, the same could only be shown by proving the terms and conditions of the contract, and not by the declarations of some one not shown to be either the agent of the defendant, or to have authority to make admissions against the defendant as to the terms of such contract or the extent of liability thereunder. The objections were overruled, and the witness permitted to answer. She testified that Taake said to her:

"My name is Taake. I am the supreme secretary of the Mystic Toilers; that they have taken over the Mountaineers' books. I am here to settle that death claim."

This is all the evidence with respect to the contract, as alleged in the complaint between the defendant and the Fraternal Order of Mountaineers.   The court concerning it charged:

"You are instructed that in considering the testimony concerning statements made by one J. F. Taake that you are at liberty to consider, in connection with other evidence, his statement that he was a representative of the Mystic Toilers, although that statement alone is not sufficient to show that he was their representative.  And you may consider the fact, if you find it proven by the evidence, that he carried away the books of the local organization of the Fraternal Order of Mountaineers, but you cannot consider any statement that he may have made as any admission of liability on the part of the Mystic Toilers, or as any foundation for the cause of action, so far as the mere statement itself is concerned, because there is no showing that he had any authority to make any statement concerning that matter."

As to this, three contentions are made by the defendant: (1) That the evidence was improperly received; (2) that it is wholly insufficient to prove the allegations of the complaint, that the defendant "became possessed of all the revenues and benefits accruing to the" Fraternal Order of Mountaineers, and became "liable for all debts and obligations contracted by them," and that the defendant "became liable to this plaintiff in the amount due her" on the certificate sued on; and (3) that the court erred in the charge.

We think the defendant is entitled to prevail as to all of them.   Of course agency cannot be shown by declarations of the agent.   And, before declarations of the agent may be received as admissions against his principal, the agency and the authority of the agent must first be shown. Here neither was shown.   Nor is it true, as the court seems to indicate in the charge, that declarations of an agent, to show agency, go merely to the question of sufficiency of the evidence to show such relation, and hence may be considered for such purpose, in connection with other evidence.   The authorities, we think, are to the effect that such evidence is

incompetent for such purpose, and that the fact of agency must be established by evidence *dehors* the declarations of the agent. And by a comparison of the evidence adduced, with the allegations of the complaint in respect of the alleged terms and conditions of the contract between the defendant and the Fraternal Order of Mountaineers, it is manifest that the evidence, had it been competent, is wholly insufficient to prove such allegations.

The judgment of the court below is therefore reversed, and the cause remanded, with directions to grant a new trial. Costs to appellant.

McCARTY, C. J., and FRICK, J., concur.